SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**PAUL T. MALONEY, OSB #013366**
Assistant United States Attorney
Paul.Maloney@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-cr-00391-IM-4** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **JULIAN SAGRERO GUANTES,** | |
| **Defendant.** | |

Defendant is before the Court for sentencing for his role within a Mexico-based drug trafficking conspiracy responsible for trafficking bulk quantities of narcotics into Oregon for distribution to others.  Pursuant to a plea agreement, he pled guilty to Count One of the Superseding Indictment. The parties have agreed to jointly recommend a sentence of 87 months' imprisonment to be followed by five years' supervised release.  The government recommends this sentence because it is consistent with the advisory sentencing guidelines, proportional to defendant's conduct, accounts for defendant's history and circumstances, and avoids unwarranted sentencing disparities. The recommended sentence therefore achieves the goals of sentencing.

**Government's Sentencing Memorandum**                                                    **Page 1**

## I.    SENTENCING CALCULATIONS

### A.    Plea Agreement and PSR Guideline Calculation

The government's guideline calculation is largely consistent with the Presentence Report (PSR).

| Provision | Description | Offense Level Calculation |
|---|---|---|
| USSG § 2D1.1(c)(3) | 24,763.25 kg kilograms of converted drug weight | BOL = 34 |
| USSG § 2D1.1(b)(18) | No Safety Valve | -- |
|  | **Adjusted Offense Level** | **34** |
| USSG § 3E1.1 | Acceptance of responsibility | -3 |
|  | **Total Offense Level** | **31** |

Pursuant to the plea agreement, the parties have agreed to a base offense level of 34. USSG § 2D1.1(c)(3). The government agrees not to file for a sentencing enhancement under 21 U.S.C. § 851. The parties have agreed that the defendant is not eligible for the "safety valve" pursuant to 18 U.S.C. § 3553(f) and USSG § 2D1.1(b)(18). The parties have agreed that the defendant does not qualify for the zero-point offender adjustment under USSG § 4C1.1.

The PSR correctly calculates the defendant's criminal history score as six, establishing a criminal history category of III, which, prior to any variance, produces an advisory guideline range of 135–168 months' imprisonment. The parties have agreed to a number of sentencing reductions as detailed in the confidential supplement to the PSR. The parties have further agreed to a downward variance to the extent necessary to achieve the agreed upon joint sentencing recommendation of 87 months' imprisonment.

### B.    The Recommended Sentence

Pursuant to the plea agreement, the parties jointly recommend a sentence of 87 months' imprisonment to be followed by five years' supervised release. This sentence is sufficient, but not more than necessary, to achieve the goals of sentencing.

## II.    ARGUMENT

### A.    Factual Summary

The PSR writer accurately summarized the relevant facts of the government's investigation. PSR ¶¶ 18-25. In summary, DEA Task Force investigators had identified Julian Sagrero Guantes (Sagrero) as a bulk narcotics distributor operating in the Portland Oregon area. In November 2024, investigators were lawfully monitoring Sagrero's cellphone communications which indicated Sagrero expected to receive a bulk quantity of drugs from his supplier. Through physical and electronic surveillance, investigators had identified several locations Sagrero used to store and repackage drugs to distribute to others. With this information, Investigators applied for and received federal search warrants for these locations and vehicles associated to the premises.

On November 6, 2024, intercepted communications from Sagrero's phone indicated that the delivery was imminent. Armed with search warrants for the premises, investigators deployed to the location where they believed Sagrero was going to meet his supplier. Investigators watched as Arasmel Campos Gonzalez arrives at the location and pass a weighted bag to Sagrero. Investigators sprang into action to disrupt the meeting by activating the overhead lights to their unmarked police vehicles and blocked the exit to the meeting location.

Investigators detained both Sagrero and defendant while they executed the search warrants. Investigators seized approximately 11 kilograms of methamphetamine that investigators believed Campos Gonzalez had just delivered to Sagrero. Investigators seized more

**Government's Sentencing Memorandum**                    **Page 3**

drugs (fentanyl pills, cocaine, heroin and more methamphetamine) from the vehicles and a second location Sagrero used to distribute drugs. In total, investigators seized drugs totaling 25,763.25 kilograms of converted drug weight.

Investigators arrested both men. Defendant and Campos Gonzalez declined to be interviewed. Following their arrest, investigators were unable to determine Campos Gonzalez's source of supply. Below is an image of the drugs seized on the day investigators arrested defendant:



On May 21, 2026, the defendant agreed to plead guilty to Count 1 of the Superseding Indictment.

### B.      87 Months' Imprisonment is Sufficient but Not More than Necessary

The parties have agreed to many sentencing reductions in this case.  These are detailed in the government's confidential supplement to the PSR. The parties jointly recommend a downward variance to achieve the jointly recommended sentence of 87 months' imprisonment to be followed by five years' supervised release.

The parties agreed that no role adjustment is necessary. Defendant was a full participant in the conspiracy. He was not a leader/organizer and did not direct or control other members of

the conspiracy. Nor was defendant minimal/minor participant because he was an ordinary member of the conspiracy.

Defendant's criminal history reveals an abysmal cycle of criminal activity, prison, deportations, illegal re-entry, more criminal activity and more prison. From arrests beginning in 2000 to the instant arrest, defendant has been sent to prison for terms of 24, 23, 60, and 90 months. (PSR  ¶¶ 42, 44, 45, and 46.)

Defendant is now, once again, in the United States without legal status, before a criminal court to be sentenced for sentencing drug trafficking. To his credit, defendant has agreed to resolve this complex wiretap case without any motions or needless delays. An 87-month sentence is clearly warranted in this case.

This sentence is also well below sentencing norms, so no further reductions are necessary.  The PSR indicates the Judicial Sentencing Information (JSIN) data for other similarly situated defendants. The report notes, "For the 174 defendants (100%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 116 month(s) and the median length of imprisonment imposed was 120 month(s)." PSR ¶ 85.

### C.    Forfeiture

Pursuant to the plea agreement, the defendant knowingly and voluntarily forfeits all right, title, and interest in and to any assets which are subject to forfeiture pursuant to 21 U.S.C. § 853, including $5,600.00 U.S. Currency; one Sig Sauer P365 9mm Caliber Pistol; one Smith & Wesson M&P 40 Shield 40mm Caliber Pistol; and all associated ammunition and accessories, which constitute proceeds of defendant's criminal activity; or were used to facilitate defendant's criminal activity in violation of Title 21 United States Code Sections 841(a)(1), (b)(1)(A)(viii) and 846, as set forth in Count 1 of the Superseding Indictment.

**Government's Sentencing Memorandum**                                                        **Page 5**

**III.     CONCLUSION**

Based on the foregoing, the government recommends that this Court impose a sentence of 87 months' imprisonment, order defendant to pay a $100 fee assessment, followed by a five year term of supervised release, subject to all conditions detailed in the PSR.

Dated: August 13, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Paul T. Maloney*
PAUL T. MALONEY, OSB #013366
Assistant United States Attorney